657 A.2d 1216

IN THE MATTER OF STEVEN F. HERRON, AN ATTORNEY AT LAW.

May 23, 1995.

## ORDER

The Disciplinary Review Board having filed a report with the Supreme Court on April 20, 1995, recommending that **STEVEN F. HERRON of CHERRY HILL,** who was admitted to the bar of this State in 1978, be suspended from the practice of law for a period of one year for misconduct in seven matters, including gross neglect (*RPC* 1.1); pattern of neglect (*RPC* 1.1(b)); failure to act with reasonable diligence and promptness (*RPC* 1.3); failure to keep client reasonably informed about status of the matter and to comply with reasonable requests for information (*RPC* 1.4(a)); failure to notify client promptly of receipt of funds and delivery of funds (*RPC* 1.5(b)); failure to protect a client's interest by surrendering papers (*RPC* 1.16(d)); failure to respond to lawful demands for information from the disciplinary authorities (*RPC* 8.1(b)); and misrepresentation of status of matters (*RPC* 8.4(c));

And the Disciplinary Review Board further recommending that prior to reinstatement to practice respondent provide psychiatric proof of his' fitness to practice law and that on reinstatement he practice under the supervision of a practicing attorney for a period of two years, and good cause appearing;

It is ORDERED that respondent is suspended from the practice of law for a period of one year, effective June 12, 1995, and until the further Order of the Court; and it is further

ORDERED that the Decision and Recommendation of the Disciplinary Review Board, together with this Order and the full record of the matter, be added as a permanent part of the file of said **STEVEN F. HERRON** as an attorney at law of the State of New Jersey; and it is further

ORDERED that **STEVEN F. HERRON** be and hereby is restrained and enjoined from practicing law during the period of his suspension; and it is further

ORDERED that respondent comply with *Rule* 1:20–20 dealing with suspended, disbarred or resigned attorneys; and it is further

ORDERED that prior to reinstatement respondent provide psychiatric proof of his fitness to practice law; and it is further

ORDERED that on reinstatement respondent practice under the supervision of a practicing attorney approved by the Office of Attorney Ethics for a period of two years and until further Order of the Court; and it is further

ORDERED that **STEVEN F. HERRON** reimburse the Disciplinary Oversight Committee for appropriate administrative costs.